| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321)<br>United States Attorney |
| 2 | |
| 3 | MARK L. KROTOSKI (CSBN 138549)<br>Chief, Criminal Division |
| 4 | STEPHANIE M. HINDS (CSBN 154284)<br>Assistant United States Attorney |

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6816
email: stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE VENUE             *E-FILED - 12/7/06*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$698,743.44 IN NET PROCEEDS FROM THE SALE OF 13479 CHALET CLOTHILDE DRIVE, SARATOGA,<br><br>        Defendant. | No. C 04-05415 RMW<br><br>SETTLEMENT STIPULATION AND [PROPOSED] FINAL ORDER OF FORFEITURE |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $267,781.16 IN FUNDS SEIZED FROM CHARLES SCHWAB ACCOUNT NO. 7268-1950,<br><br>        Defendant. | No. C 01-20983 RMW |

///

## STIPULATION

In full and final settlement of all claims and disputes arising from and related to the captioned forfeiture actions, plaintiff United States of America, and claimants Jim and HAJIA Fan Ni (hereinafter "Heidi Ni"), hereby stipulate and agree as follows:

1. On or about October 19, 2001, the United States filed a civil forfeiture complaint against the defendant $267,781.16 in Funds Seized from Charles Schwab Account No. 7268-1950 (hereinafter defendant "seized funds") pursuant to Title 18, United States Code, Section 981.

2. On or about December 22, 2004, the United States filed a civil forfeiture complaint against the defendant $698,743.44 in net proceeds from the sale of 13479 Chalet Clothilde Drive, Saratoga, California (hereinafter defendant "net proceeds") pursuant to Title 18, United States Code, Section 981.

3. On or about October 26 and November 2, 2001, Jim Ni filed his claim and answer, respectively, to the defendant seized funds.

4. On or about February 16, 2005, both Jim and Heidi Ni filed claims to the defendant net proceeds.

5. Sufficient evidence exists for the seizure and forfeiture of all $267,781.16 of the defendant seized funds and $298,743.44 of the net proceeds under Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering transactions.

6. Jim and Heidi Ni consent to the forfeiture of all $267,781.16 of the defendant seized funds and $298,743.44 of the net proceeds without further notice to them.

7. All right, title and interest in the defendant seized funds and net proceeds shall be forfeited to the United States of America.

8. Claimants Jim and Heidi Ni shall hold harmless the United States of America, the Federal Bureau of Investigation, the Immigration and Customs Enforcement and all agents, officers and employees thereof, including any and all state and local law enforcement officers, for any and all acts directly or indirectly related to the seizure, detention and forfeiture of the defendant seized funds and net proceeds.

9. Each party shall bear its own attorneys fees and costs related to the litigation of these matters.

Dated: 11/20/06

STEPHANIE M. HINDS
Assistant United States Attorney

Dated: 11/2/06

_____
ED ROBINSON
Attorney for Jim Ni

Dated: 10/30/06

_____
JAY RORTY
Attorney for HEIDI Ni

Dated: 10-30-06

_____
HAJIA FAN NI (HEIDI NI), Claimant

Dated: 10/30/06

_____
JIM NI, Claimant

## [PROPOSED] ORDER

Upon consideration of the above settlement stipulation of the parties, and good cause appearing, the Court hereby finds and orders as follows:

1. Sufficient evidence exists for the seizure and forfeiture of all $267,781.16 of the defendant seized funds and $298,743.44 of net proceeds pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering transactions.

2. All right, title and interest in all $267,781.16 of the defendant seized funds and $298,743.44 of net proceeds is hereby forfeited to the United States of America.

3. The United States of America, the Federal Bureau of Investigation, the Immigration and Customs Enforcement and all agents, officers and employees thereof, including any and all state and local law enforcement officers, shall be held harmless for any and all acts directly or indirectly related to the seizure, detention and forfeiture of the defendant seized funds and net proceeds.

4. Each party shall bear its own attorneys fees and costs related to the litigation of these matters.

IT IS SO ORDERED.

Dated: 12/7/06

/s/ Ronald M. Whyte
_____
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

SETTLEMENT STIPULATION AND [PROPOSED] FINAL ORDER OF FORFEITURE        3
C 01-20983 RMW/ C 04-5415 RMW